WRIGHT, Respondent, *v.* SYRACUSE, B. & N. Y. R. Co., Appellant.

*(Supreme Court, General Term, Fourth Department.* February, 1889.)

No opinion.    Order reversed, without costs.    See 3 N. Y. Supp. 480.

---

YATES *v.* HEATH.

*(Supreme Court, General Term, Fifth Department.* April 12, 1889.)

Appeal from special term.

In the matter of the application of Francis A. Williams, receiver of William H. Heath, to compel Edwin C. English, an attorney at law, to pay over to the receiver certain moneys in his hands alleged to belong to Heath.    The receiver appeals from an order of the special term fixing the amount to be paid over by English at $235.73.

*Earl B. Putnam*, for appellant.    *M. Rumsey Miller*, for respondent.

MACOMBER, J.    The receiver, who was appointed in proceedings supplementary to execution in the case entitled "Yates v. Heath," made a motion

at special term to compel Mr. English, an attorney at law, to pay over to him, as such receiver, the amount of moneys which had been received by the attorney, namely, the sum of $1,769.10, which had been collected upon a policy of insurance held by Heath. A reference of the disputed questions of fact arising on the motion was made. The referee was directed to state the accounts between the parties, and report the same, together with his opinion as to the jurisdiction of the court to require the attorney, in this summary manner, to pay over to the receiver of Heath moneys which had been so collected. The referee states the accounts between the parties to be substantially as the special term afterwards determined them to be by the order appealed from, but reported that, in his opinion, the court had not the power, on a motion in the action in which the receiver was appointed, to compel the attorney to give up the moneys which had been voluntarily paid to him by his client. The referee held that the court ought not thus summarily to interfere.

In this respect, the report of the referee differs from the decision of the special term, where it was held that the court had jurisdiction and power to require, on a mere motion, the attorney to pay over to the receiver of his client's property moneys paid to him for professional services. No appeal has been taken from that part of the order of the special term by the attorney; hence no question as to the right or propriety of the court interfering summarily between attorney and client, when both parties appear to have been satisfied, can arise. The respondent, by not appealing, submits to that part of the order, being content, as his counsel asserts, to waive the question of jurisdiction, and being desirous of paying into court whatever moneys he has in his hands belonging to the judgment debtor. This decision, therefore, will not be regarded as a precedent, beyond the precise questions arising on the appeal.

There are, besides, some small errors made to the detriment of the respondent in the computation and in the adjustment of the accounts of the parties. The attorney is charged with the sum of $69.65 more than he should have been; but, inasmuch as no appeal has been taken by him, this error cannot be corrected. Indeed, it was distinctly waived by the learned counsel for the respondent at the argument. A perusal of the appeal papers shows satisfactorily that the charges of the attorney against his client, which have been allowed by the special term, (substantially following the report of the referee in this respect,) were for valuable services actually rendered, and were reasonable in amount. The order appealed from should be affirmed, but without costs. All concur.